# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 14, 2023          Decided June 14, 2024

No. 22-5328

ATTORNEY GENERAL OF THE UNITED STATES,
APPELLANT

v.

STEPHEN A. WYNN,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-01372)

———

*Joseph P. Minta*, Attorney, U.S. Department of Justice, argued the cause for appellant. With him on the briefs were *Matthew G. Olsen*, Assistant Attorney General for National Security, and *Jeffrey M. Smith*, Attorney.

*Robert D. Luskin* argued the cause for appellee. With him on the brief were *Reid H. Weingarten*, *Brian M. Heberlig*, *Bruce C. Bishop*, *Nicholas P. Silverman*, and *Leo R. Tsao*.

Before: HENDERSON, MILLETT, and PILLARD, *Circuit Judges*.

2

Opinion for the Court filed by *Circuit Judge* MILLETT.

MILLETT, *Circuit Judge*:  Federal law requires those lobbying American officials on behalf of foreign principals to register as foreign agents.  The Department of Justice believes that Stephen Wynn acted as an unregistered foreign agent for the People's Republic of China in mid-to-late 2017.  The Department filed suit in federal court to force him to register.  Because, even accepting the government's allegations as true, Wynn long ago ceased acting as a foreign agent, he has no present obligation to register.  For that reason, the district court properly dismissed the government's suit for failure to state a claim.

**I**

**A**

The Foreign Agents Registration Act, commonly referred to as "FARA," aims "to protect the national defense, internal security, and foreign relations of the United States[.]"  Act of Apr. 29, 1942, Pub. L. No. 77-532, ch. 263, 56 Stat. 248, 248, 22 U.S.C. § 611 note (Policy and Purpose of Subchapter).  FARA does so by requiring that foreign efforts to influence United States policy be publicly disclosed and transparent, giving decision makers and the public the context needed to "appraise the[] statements and actions" of those acting on a foreign principal's behalf.  *Id.* at 249; *see United States v. McGoff*, 831 F.2d 1071, 1074 (D.C. Cir. 1987) (The "core notion" of FARA is that "government officials and the public generally should be able to identify those who act on behalf of a foreign principal.").

As relevant here, FARA requires any "agent of a foreign principal" to register with the Department of Justice.  22 U.S.C.

3

§ 612(a).  The Act then defines "agent of a foreign principal" as any person who "directly or through any other person * * * engages within the United States in political activities for or in the interests of [a] foreign principal[.]" *Id.* § 611(c)(1)(i).  The definition also includes anyone who "represents the interests of [a] foreign principal before any agency or official of the Government of the United States[.]" *Id.* § 611(c)(1)(iv).  "[F]oreign principal[s]" are foreign governments, persons, political parties, and businesses.  *Id.* § 611(b).

To enforce FARA, the government may seek, and courts may issue, injunctions to prevent persons "from continuing to act as an agent of such foreign principal," or to compel "compliance with any appropriate provision of [FARA]," including its registration requirement.  22 U.S.C. § 618(f).  The government can also criminally prosecute willful violations of FARA.  *Id.* § 618(a).

## B

The government's complaint alleges that, in May 2017, the former finance chair of the Republican National Committee, Elliot Broidy, met with the now-former Vice Minister for Public Security in the People's Republic of China Sun Lijun, foreign national Low Taek Jho, hip-hop artist Prakazrel Michel, and businessperson Nickie Lum Davis.  On behalf of the People's Republic of China, Sun asked the attendees to lobby then-President Trump and his administration to cancel a certain Chinese businessperson's visa or to otherwise remove that person from the United States.[1]

---

[1] This background section takes as true the facts alleged in the government's complaint, as we must at the motion to dismiss stage. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

4

The next month, Broidy enlisted casino owner and real-estate developer Stephen Wynn to help fulfill Sun's request. Wynn agreed and, in the ensuing months, Wynn contacted then-President Trump and a number of Trump administration officials and advocated for the Chinese businessperson's removal. Wynn raised the issue with administration officials and the former President both in person and over the telephone. His efforts, however, bore no fruit. In October 2017, Wynn informed Sun that he had pressed the issue to the best of his ability and that he could not help any further. The government does not allege that Wynn engaged in any lobbying on behalf of China after that date.

In May 2018, Wynn got a letter from the Department of Justice advising him to register as a foreign agent. Wynn refused, disputing the government's conclusion that he was required to register and requesting that the Department reconsider its determination. For four years, Wynn exchanged letters with the government over the dispute. He never registered under FARA.

## C

In 2022, the Department of Justice sued Wynn to compel compliance with FARA. It asked the district court both to declare that he has an obligation under Section 612(a) to register as a foreign agent and to issue a permanent injunction requiring him to do so.

The district court dismissed the complaint for failure to state a claim. *Attorney General of the United States v. Wynn*, 636 F. Supp. 3d 96, 101, 107 (D.D.C. 2022). The court held that, "[b]ecause both parties agree that any [agency] relationship between Wynn and the Chinese government ended in October 2017," FARA no longer required him to register.

5

*Id.* at 101.  As such, the court concluded that it could not order him to do so.  *See id.* at 101, 107.  In so holding, the court relied primarily on this court's decision in *United States v. McGoff*, 831 F.2d 1071 (D.C. Cir. 1987), in which we held that the Section 612(a) "obligation to file expires when the agent ceases activities on behalf of the foreign principal[,]" *id.* at 1082.  *See id.* at 1096.

## II

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1345.  We have jurisdiction under 28 U.S.C. § 1291.

We review the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*, accepting as true the government's factual allegations and drawing all reasonable inferences in the government's favor.  *Wright*, 68 F.4th at 619.

## III

### A

The central question in this case is whether Wynn has a continuing obligation to register under FARA even if he ceased his representation of a foreign principal nearly seven years ago.  Under *McGoff*, which binds this panel, the answer is plainly "no."  *See New York–New York, LLC v. NLRB*, 676 F.3d 193, 194–195 (D.C. Cir. 2012) ("We are of course bound by our prior panel decision[.]").

In *McGoff*, this court rejected a failure-to-register prosecution under FARA as outside of the general five-year statute of limitations for criminal prosecutions set forth in 18 U.S.C. § 3282.  *See McGoff*, 831 F.2d at 1071–1073.  Key to that decision was pinpointing when the Section 612(a)

6

registration obligation ended, since that moment is when the statute-of-limitations clock starts to run. *Id.* at 1081–1082 ("[T]he decisive question in resolving the statute of limitations issue * * * turns on the duration of the registration obligation of section 612(a)."). *McGoff* held that Section 612(a)'s registration obligation "expires" the day an individual stops acting as a foreign agent. *Id.* at 1082; *see id.* at 1096.

While this case does not implicate the statute of limitations for failing to register under FARA, it asks the same question that *McGoff* answered: When does an agent's obligation to register under FARA "expire[]"? 831 F.2d at 1082. *McGoff* was explicit that, under Section 612, "the statutory obligation to file expires when the agent ceases activities on behalf of the foreign principal." *Id.*; *see id.* at 1096. By the government's own telling, Wynn stopped representing the People's Republic of China by the end of October 2017. *See* App. 8–9; *Wynn*, 636 F. Supp. 3d at 101 ("[B]oth parties agree that any [agency] relationship * * * ended in October 2017[.]"). As a result, under *McGoff*, any statutory obligation to register expired at that time. *See McGoff*, 831 F.2d at 1096.

Because Wynn's duty to register ended almost seven years ago, *McGoff* dictates that there is no legal basis for the government to compel him to register now, and the district court properly dismissed the case.

**B**

The government argues that *McGoff* does not control because this is a civil case in which the government seeks only an injunction under Section 618(f). That provision authorizes the government to apply for an injunction:

7

> Whenever * * * any person is engaged in or about to engage in any acts which constitute or will constitute a violation of any provision of this subchapter, or regulations issued thereunder, or whenever any agent of a foreign principal fails to comply with any of the provisions of this subchapter or the regulations issued thereunder, or otherwise is in violation of the subchapter[.]

22 U.S.C. § 618(f).  The requested injunction may take the form of "an order enjoining such acts or enjoining such person from continuing to act as an agent * * * or [of] an order requiring compliance with any appropriate [FARA] provision[.]" *Id.*

In the government's view, Section 618(f)'s first "whenever" clause covers all imminent or ongoing violations of FARA, while its second "whenever" clause applies to past, completed violations of FARA.  Gov't Opening Br. 20.  The government argues that, so read, Section 618(f)'s second "whenever" clause allows for an injunction to compel compliance for past violations.  *See* Gov't Opening Br. 20.

While the government referenced Section 618(f) in its district court filings, *see* App. 198–199, it did not advance below the reading of the statutory text that it presses here.  Before the district court, the government argued that Wynn is liable for *currently* violating Section 612(a)'s "continuing duty to register, even if the FARA-registrable conduct has ceased." App. 4; *see* App. 11.  Before us, the government now claims that this suit is proper because Wynn *previously* violated Section 612(a) while acting as a foreign agent.  *See* Gov't Opening Br. 18–25.

8

We will address this argument despite the government's failure to develop it below. *See Association of Am. R.R.s v. Department of Transp.*, 821 F.3d 19, 26 (D.C. Cir. 2016) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases.") (quoting *Singleton v. Wulff*, 428 U.S. 106, 121 (1976)). Whether the government can sue to force foreign agents to register after they have stopped acting as foreign agents is a "novel, important, and recurring question of federal law" that touches on sensitive areas of national security and foreign policy. *Liff v. Office of Inspector Gen. for Dep't of Lab.*, 881 F.3d 912, 919 (D.C. Cir. 2018) (quotation marks omitted). It is also a "threshold question" in FARA litigation that goes to "the clear inapplicability of [the] statute." *Id.* And it "involves a straightforward legal question" that both parties have addressed on appeal and the answer to which is compelled by binding law. *Id.* (quotation marks omitted).

Turning to the merits, the government's proffered reading of Section 618(f) does not hold up. On its face, Section 618(f) describes both *when* the government can sue and *what* it can ask for when it does. Both aspects of Section 618(f) foreclose the government's reading.

Begin with when Section 618(f) authorizes suit. Under Section 618(f), the government can file suit for injunctive relief against an individual who, in the present tense, "*is* engaged in or about to engage" in violations, or who "*fails* to comply" with FARA. 22 U.S.C. § 618(f) (emphases added). It does not allow suit against an individual who "failed" to comply in the past but no longer is under a legal obligation to register. Congress's use of the present tense indicates that it meant to refer to present and future acts, not past ones. *See Carr v. United States*, 560 U.S. 438, 447–448 (2010); *see also* 1 U.S.C.

9

§ 1 ("In determining the meaning of any Act of Congress, unless the context indicates otherwise[,] * * * words used in the present tense include the future as well as the present[.]").

Congress's use at the end of Section 618(f) of a present-tense "otherwise" clause, following a list of present tense examples, reconfirms that the statute does not allow injunctions for long-ago completed violations. The word "'[o]therwise' means 'in a different way or manner[.]'" *Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Proj., Inc.*, 576 U.S. 519, 535 (2015) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1598 (1971)). By specifying that courts may issue injunctions against someone who "otherwise *is* in violation of" FARA, the statute makes clear that the earlier clause ("whenever any agent of a foreign principal fails to comply with any of the provisions of this subchapter or the regulations issued thereunder") specifies one "way or manner" by which a person may presently *be* "in violation of" FARA. 22 U.S.C. § 618(f) (emphasis added). If the present tense of the "otherwise" clause were not meant to carry back to the prior clause, there would have been no reason to include the word "otherwise." *See Begay v. United States*, 553 U.S. 137, 144 (2008) (interpreting a general "otherwise" clause as being "similar" to examples that preceded it); *id.* at 151 (Scalia, J. concurring) (explaining that Congress can use the word "otherwise" to "draw[] a substantive connection between" specific and general sets of words).

Read as an integrated whole, then, Section 618(f)'s authorization to sue for an injunction "whenever any agent of a foreign principal fails to comply" with FARA refers to ongoing or imminent compliance failures, not discontinued ones. 22 U.S.C. § 618(f).

10

As for what types of injunctive relief Section 618(f) affords, the statutory text again undermines the government's reading. Section 618(f) allows the government to apply for an order (1) "enjoining such [FARA-prohibited] acts[,]" (2) enjoining [any] person from continuing to act as an agent of [a] foreign principal[,]" or (3) "requiring compliance with any appropriate [FARA] provision[.]" 22 U.S.C. § 618(f). Each of those remedies addresses only ongoing or imminent FARA violations.

As such, none of the three forms of Section 618(f) injunctive relief applies to Wynn's situation. Under *McGoff*, Wynn (1) is not engaged in any FARA-prohibited "acts" because he is not acting as a foreign agent, (2) is not "continuing to act as an agent of [a] foreign principal" because he ceased any such activity seven years ago, and (3) is in "compliance" with Section 612(a) because, under *McGoff*, he is under no present duty to register, as any such duty expired in October 2017. 22 U.S.C. § 618(f).

True, *McGoff* did not specifically address Section 618(f) or the registration obligation in the civil context. *See* 831 F.2d at 1094 n.32. But what matters is that *McGoff* recognized a temporal limitation on the duty to register under Section 612(a). Whether the question arises in the criminal or civil context, the answer as to when the Section 612(a) duty to register expires must be the same in the absence of any contrary statutory directive. *See Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004) (Where a statutory provision has "both criminal and noncriminal applications[,] * * * we must interpret the statute consistently, whether we encounter its application in a criminal or noncriminal context[.]"). The government's argument that Section 618(f) provides for such differentiation ignores that provision's plain, present-tense text.

11

The government also errs in arguing that our textual reading creates redundancy. *See* Gov't Opening Br. 19. The canon against superfluity does little work here because "the text's meaning is plain." *Mercy Hosp., Inc. v. Azar*, 891 F.3d 1062, 1068 (D.C. Cir. 2018). It also cannot aid the government in this case since the government's alleged non-superfluous reading would undermine the statutory scheme as laid out in *McGoff*. *Cook Inlet Tribal Council, Inc. v. Dotomain*, 10 F.4th 892, 896 (D.C. Cir. 2021); *see Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 456 (2015) ("All our interpretive decisions, in whatever way reasoned, effectively become part of the statutory scheme[.]"). The government's interpretation would make Section 612(a)'s registration obligation perpetual, which is a proposition that *McGoff* explicitly rejected. *See* 831 F.2d at 1071, 1096. And this panel must hew to *McGoff*. *See United States v. Emor*, 785 F.3d 671, 682 (D.C. Cir. 2015) ("[W]e cannot overrule a prior panel's decision, except via an *Irons* footnote or en banc review.").

\* \* \*

Under binding circuit precedent, any duty Wynn had to register as a foreign agent under Section 612(a) ended when his alleged representation of a foreign principal terminated. Because Section 618(f) allows civil suit to remedy only ongoing or imminent Section 612(a) violations, we affirm the district court's dismissal.

*So ordered.*